**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| CHARLIE BICKLEY, | ) | |
| And ZACHARY BICKLEY, | ) | |
| | ) | CIVIL ACTION FILE NO: |
| Plaintiffs, | ) | 5:15-CV-209-CAR |
| | ) | |
| *v.* | ) | |
| | ) | |
| J. SCOTT MEMORIALS, LLC | ) | JURY TRIAL |
| and JEFFREY ELLIS, | ) | DEMANDED |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

COME NOW Plaintiffs, by and through their attorneys, and assert their claims against Defendants under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., for overtime compensation and other relief on the grounds set forth as follows:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1), as Defendant J. Scott Memorials, LLC resides in this District.

3.

Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this District.

## **PARTIES**

4.

Plaintiff Charlie Bickley is a Georgia resident and current employee of Defendants having been employed with defendants on multiple occasions, most recently from approximately 2008 to date.

5.

Plaintiff Zachary Bickley is a Georgia resident and current employee of Defendants having been employed from approximately 2010 to date.

6.

Plaintiff Zachary Bickley is the son of Plaintiff Charlie Bickley.

7.

Defendant J. Scott Memorials, LLC (herein referred to as "Defendant J. Scott Memorials") is a Georgia Limited Liability Company and a resident of Georgia. Defendant J. Scott Memorials may be served with process via service on its registered agent, Jeffrey S. Ellis at his business address of 3256 Vineville Avenue,

Macon, Georgia 31204.

8.

Defendant J. Scott Memorials is subject to the personal jurisdiction of this Court.

9.

Defendant Jeffrey S. Ellis (herein referred to as "Defendant Ellis") is an owner and Member/Manager of Defendant J. Scott Memorials and a resident of Georgia. Defendant Ellis may be served with process at his business address of 3256 Vineville Avenue, Macon, Georgia 31204.

10.

Defendant Ellis is subject to the personal jurisdiction of this Court.

11.

Plaintiffs bring this action on behalf of themselves only. Each individual Plaintiff's Consent to Become a Party Plaintiff in this FLSA Action is filed herewith as Exhibit "A."

## **FACTS**

12.

Defendant J. Scott Memorials is primarily engaged in providing tombstones and monuments to customers in Georgia and Alabama.

13.

From approximately May, 2008, Defendants have employed Plaintiff Charlie Bickley as a "Stone Erector".

14.

From approximately 2010, Defendants have employed Plaintiff Zachary Bickley as a "Stone Erector".

15.

As Stone Erectors, Plaintiffs Charlie Bickley's and Zachary Bickley's duties were to erect tombstones and monuments in cemeteries and to engrave and sandblast the tombstones and monuments as directed by Defendants.

16.

During the period from June 3, 2012 through January 31, 2013, Defendants paid Plaintiff Charlie Bickley $18.00 per hour.

17.

During the period from February 1, 2013 to date, Defendants paid Plaintiff Charlie Bickley $19.00 per hour.

18.

During the period June 3, 2012 to date, Defendants have classified Plaintiff Charlie Bickley as an independent contractor.

19.

During the period from June 3, 2012 to date, Defendants paid Plaintiff Zachary Bickley $12.00 per hour.

20.

During the period June 3, 2012 to date, Defendants have classified Plaintiff Zachary Bickley at times as an independent contractor and at times as an employee. However, the job duties and other terms and conditions of Zachary Bickley's employment did not change based on his designation as an independent contractor or as an employee.

21.

During the period June 2, 2012 to date, Defendants have paid both Plaintiff Charlie Bickley and Zachary Bickley their respective straight time hourly rates of pay regardless of how many hours per seven day workweek each actually worked.

22.

During many workweeks, Plaintiffs Charlie Bickley and Zachary Bickley worked more than forty (40) hours per week for Defendants.

23.

For workweeks in which Plaintiff Charlie Bickley worked more than forty (40) hours per week, Defendants paid Charlie Bickley his straight time hourly rate

and did not pay him any overtime pay.

24.

For workweeks in which Plaintiff Zachary Bickley worked more than forty (40) hours per week, Defendants paid Zachary Bickley his straight time hourly rate and did not pay him any overtime pay.

25.

Defendants would deduct one half hour of pay per work day from Charlie Bickley and Zachary Bickley for a meal break.

26.

Both Plaintiffs Charlie Bickley and Zachary Bickley were not relieved of their duties and worked through each half hour meal period performing labor on behalf of Defendants.

27.

Both Plaintiff Charlie Bickley and Zachary Bickley either missed their meal periods entirely or ate while driving from one of Defendants' work sites to another of Defendants' work sites during the work day.

28.

Both Plaintiffs were and are employees engaged in commerce by providing stone erector labor services to Defendant J. Scott Memorials in Alabama and

Georgia.

29.

The web site for Defendant J. Scott Memorials represents that the company provides services to customers in Alabama and Georgia.

30.

Defendant J. Scott Memorials does business as "Clark Memorials".

31.

Defendant J. Scott Memorials is a related entity to "Clark Memorials of Alabama, Inc." which does business also under the trade name "Clark Memorials" and which performs the same or substantially similar services for its customers.

32.

The web site for J. Scott Memorials is http://www.clarkga.com.

33.

The web site for Clark Memorials of Alabama, Inc. is http://www.clarkmemorials.com.

34.

The web sites for both Defendant J. Scott Memorials and Clark Memorials of Alabama, Inc. use the same company logos and both web sites reflect a common founder, history and business purpose.

35.

Defendant J. Scott Memorials and Clark Memorials of Alabama, Inc. constitute an "enterprise" as defined by 29 U.S.C. § 203(r)(1).

36.

Defendant J. Scott Memorials purchases materials from outside the State of Georgia to meet the needs of its customers in Georgia and Alabama, including bronze from Minnesota to use on tombstones and monuments.

37.

Both Plaintiffs Charlie Bickley and Zachary Bickley regularly handle and work on and with the bronze which has moved in interstate commerce.

38.

Defendant J. Scott Memorials, both with and without consideration of related company Clark Memorials of Alabama, Inc. is an enterprise engaged in commerce in multiple states as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

39.

Both Plaintiffs were and are "employee[s]" of Defendant J. Scott Memorials as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

40.

Upon information and belief, in 2012, Defendant J. Scott Memorials had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

41.

Upon information and belief, in 2013, Defendant J. Scott Memorials had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

42.

Upon information and belief, in 2014, Defendant J. Scott Memorials had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

43.

Upon information and belief, in 2015, Defendant J. Scott Memorials will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the

meaning of  29 U.S.C. § 203(s)(1)(A).

44.

Upon information and belief, in 2012, Defendant J. Scott Memorials and Clark Memorials of Alabama, Inc. had a combined annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

45.

Upon information and belief, in 2013, Defendant J. Scott Memorials and Clark Memorials of Alabama, Inc. had a combined annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

46.

Upon information and belief, in 2014, Defendant J. Scott Memorials and Clark Memorials of Alabama, Inc. had a combined annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

47.

Upon information and belief, in 2015, Defendant J. Scott Memorials and Clark Memorials of Alabama, Inc. already have or will have a combined annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

48.

Defendant J. Scott Memorials was and is the "employer" of both Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

49.

Defendant Ellis was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d) inasmuch as he was acting directly or indirectly in the interest of J. Scott Memorials (also referred to herein as the "Company") in his interactions with Plaintiffs, and he controlled the terms and conditions of employment of both Plaintiffs on a day to day basis.

50.

Specifically, Defendant Ellis was an owner and is the member/Manager of Defendant J. Scott Memorials.

51.

Defendant Ellis had authority and exercised control over the finances and operations of Defendant J. Scott Memorials.

52.

Defendant Ellis exercised managerial authority and control over the day to day business of Defendant J. Scott Memorials, including the employees.

53.

Defendant Ellis exercised the ultimate control over hiring and firing employees, including Plaintiffs.

54.

Defendant Ellis controlled employee work schedules and conditions of employment of both Plaintiffs.

55.

Defendant Ellis determined the pay rate and the method of pay for both Plaintiffs.

56.

Defendant Ellis had authority and control over Defendant J. Scott Memorials' decision to classify Plaintiffs as independent contractors.

57.

Defendant Ellis classified both Plaintiffs as independent contractors to avoid paying overtime pay to Plaintiffs as required by the FLSA.

58.

Defendants falsely claimed that Plaintiff Charlie Bickley was an independent contractor and not employee, pursuant to Defendants' scheme to avoid paying overtime pay to Charlie Bickley as required by the FLSA.

59.

In reality, Plaintiffs Charlie Bickley and Zachary Bickley were employees and not independent contractors.

60.

The "economic reality" of the relationship between Defendants and each Plaintiff, manifested by all the incidents of employment, reflect an employer-employee relationship with both Charlie Bickley and Zachary Bickley.

61.

Defendants controlled the work done by Plaintiffs by assigning the work which was be done, when it was to be done, where it was to be done, and how the work was to be done by Plaintiffs.

62.

Defendants determined that Plaintiffs would be paid wages in the form of fixed hourly compensation for the work performed. As such, there was no opportunity for profit or loss on behalf of Plaintiffs.

63.

Defendants owned and controlled the equipment, tools and materials necessary for accomplishing the work performed by both Plaintiffs.

64.

Plaintiffs made no investment in and had no ownership interest in or control over such equipment, tools and materials used by Plaintiffs to perform their work.

65.

Plaintiffs had no investment in any aspect of the Defendants' business.

66.

Plaintiffs had no investment in any aspect of the labor or work product they provided to Defendants.

67.

There was no return on investment for the Plaintiffs nor any opportunity for return on investment.

68.

Plaintiffs were not required to have any special skills or training before being employed by Defendants.

69.

After commencing work, Plaintiffs were trained by Defendants regarding how the required work must be performed.

70.

The working relationship between Defendants and both Plaintiffs was not for a fixed and definite time period, and it was not terminated upon completion of a work project.

71.

Instead, the working relationship continued indefinitely until either the Defendants, or each Plaintiff decided to end the relationship.

72.

The work done by Plaintiffs was an integral and essential part of Defendants' business.

73.

Plaintiffs had no separate, independent business apart from working as employees of Defendants.

74.

The work performed for Defendants by Plaintiffs was Plaintiffs' only means of livelihood.

75.

Both Plaintiffs were performing personal labor for Defendants.

76.

Plaintiffs were not engaged in their own business during the three years preceding the filing of this action.

77.

The purported agreement between the parties that Plaintiff Charlie Bickley was an independent contractor was created and imposed upon Plaintiff Charlie Bickley by Defendants unilaterally.

78.

Plaintiffs' work period, consists of a seven day calendar week beginning on Friday and ending on Saturday.

78.

Defendant Ellis set the work hours of each Plaintiff as 7:30 am to 5:30 or 6:00 pm, Monday through Friday.

79.

Throughout Plaintiffs' employment with Defendants, each was routinely scheduled to work in excess of forty (40) hours per week and each routinely worked in excess of forty (40) hours per week.

80.

Neither of the Plaintiffs was guaranteed at least $455.00 per week in wages and the amount of each Plaintiff's weekly wages could and did fluctuate below $455.00 depending on the hours worked that week by each Plaintiff.

81.

All of Defendants' pay records for Plaintiffs reflect that both Plaintiffs were paid by the hour and were not salaried employees.

82.

Plaintiffs were not subject to any exemption from the overtime pay requirements of the FLSA.

83.

Defendants have failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

84.

Plaintiffs were and are required to be compensated at a rate of one and one half times their hourly rate for each hour worked in excess of forty hours in any given pay period.

85.

Defendants knew or should have known that the FLSA applied to both Plaintiffs.

86.

Upon information and belief, in failing or refusing to pay Plaintiffs overtime as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiffs were not entitled to overtime.

87.

Upon information and belief, in failing or refusing to pay Plaintiffs overtime as required by the FLSA, Defendants have not relied on any legal advice indicating that Plaintiffs were not entitled to overtime.

88.

Defendants have refused to adequately compensate Plaintiffs for work performed in excess of forty hours per pay period, at the rates required by law, and have willfully refused to rectify the situation.

89.

When Plaintiff Zachary Bickley requested overtime pay for work performed in excess of forty hours per week, Defendant Ellis refused and responded by telling Zachary Bickley "sue me".

90.

Defendants are liable to both Plaintiffs for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular rate.

91.

Defendants' conduct constitute willful violations of 29 U.S.C. §§ 207 and 215 of the FLSA, entitling both Plaintiffs to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216.

**CLAIMS FOR RELIEF**

**COUNT ONE**
**VIOLATION OF 29 U.S.C. § 207, § 215 AND § 216**

92.

Paragraphs 1 through 91 are incorporated herein by this reference.

93.

Defendants' failure to compensate both Plaintiffs for time actually worked in

excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiffs request that this Court:

(a)    Take jurisdiction of this matter;

(b)     Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FLSA;

(c)    Grant a trial by jury as to all matters properly triable to a jury;

(d)    Issue a judgment declaring that Plaintiffs were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(e)    Award Plaintiffs proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100%

of overtime due each Plaintiff, as required by the FLSA;

(f)      Award Plaintiffs prejudgment interest on all amounts owed;

(g)     Award Plaintiffs nominal damages;

(h)     Award each Plaintiff their reasonable attorney's fees and costs of litigation; and

(i)      Enter judgment for each Plaintiff in an amount reflecting the award of all damages and relief requested in this Complaint; and

(j)      Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 3rd day of June, 2015.

/s Mitchell D. Benjamin
Mitchell D. Benjamin
Georgia Bar No. 049888
Charles R. Bridgers
Georgia Bar No. 080791

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
benjamin@dcbflegal.com
charlesbridgers@dcbflegal.com                  ATTORNEYS FOR PLAINTIFFS