## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Charlie Bickley ("Charlie"), Zachary Bickley ("Zachary") (Charlie and Zachary are collectively referred to herein as "Plaintiffs") and J. Scott Memorials, LLC, a Georgia limited liability company, including any parent, subsidiary, affiliated and related entities, as well as its past, present or future officers, directors, administrators, managers, employees, shareholders, members, agents, attorneys, and representatives (collectively "JSM") and Jeffrey Ellis (JSM and Ellis are collectively referred to herein as "Defendants")(Plaintiffs and Defendants are referred to collectively herein as the "parties").

## RECITALS

WHEREAS, Plaintiffs and Defendants are currently involved in a civil dispute based upon and arising out of Plaintiffs' alleged current and/or former employment with Defendants, in Case No. 5:15-CV-209-CAR in the United States District Court for the Middle District of Georgia, Macon Division (the "Civil Action");

WHEREAS, Defendants deny all claims asserted against them in the Civil Action;

WHEREAS, Plaintiffs and Defendants desire to resolve all matters between the parties and all matters arising out of Plaintiffs' claims in the Civil Action;

WHEREAS, Plaintiffs and Defendants have agreed to settle comprised claims, and Plaintiffs' attorneys' fees were agreed upon separately and without regard to the amount to be paid to the Plaintiffs; and

NOW THEREFORE, in full consideration of the mutual promises, covenants, and undertakings hereinafter set forth, the receipt and sufficiency of which are hereby acknowledged, Plaintiffs and Defendants agree to settle and resolve their dispute as follows.

## AGREEMENT

1. **Court Approval.** Within five (5) business days after receiving this Agreement signed by Plaintiffs, Defendants shall return to Plaintiffs a fully executed copy of the Agreement, and the parties will promptly thereafter execute and file with the Court a Joint Motion for Approval of Settlement Agreement ("Joint Motion") with a proposed Order granting the same. The parties agree that they will mutually make every reasonable effort to obtain the Court's approval of this Agreement and the Joint Motion. In the event the Court approves this Agreement, Plaintiffs, if necessary, will file a Stipulation of Dismissal with Prejudice within five (5) business days of the Court's approval of this Agreement.

2. **Consideration.** In exchange for the promises set forth in this Agreement, Defendants shall pay Plaintiffs and their attorneys the total gross amount of FORTY SIX THOUSAND, NINE HUNDRED SEVEN and 39/100 Dollars ($46,907.39) (the "Settlement Payment"). Specifically, Defendants shall pay Charlie FOURTEEN THOUSAND TWO HUNDRED EIGHTY-ONE and 73/100 Dollars ($14,281.73), Defendants shall pay Zachary FIFTEEN THOUSAND SIX HUNDRED TWENTY-FIVE and 66/100 Dollars ($15,625.66) and Defendants shall pay

SEVENTEEN THOUSAND and No/100 ($17,000.00) for Plaintiffs' attorneys' fees and expenses. The Settlement Payment shall be paid in one installment via checks made payable as follows:

    A.    SEVEN THOUSAND ONE HUNDRED FORTY and 87/100 Dollars ($7,140.87) to Charlie, less all legally required withholding taxes and payroll deductions, allocated as payment for unpaid overtime.

    B.    SEVEN THOUSAND ONE HUNDRED FORTY and 86/100 Dollars ($7,140.86) to Charlie, allocated as Charlie's non-wage damages and payment for Charlie's release of claims against Defendants as set forth in this Agreement and no withholdings or deductions will be made.

    C.    SEVEN THOUSAND EIGHT HUNDRED TWELVE and 83/100 Dollars ($7,812.83) to Zachary, less all legally required withholding taxes and payroll deductions, allocated as payment for unpaid overtime.

    D.    SEVEN THOUSAND EIGHT HUNDRED TWELVE and 83/100 ($7,812.83) to Zachary, allocated as Zachary's non-wage damages and payment for Zachary's release of claims against Defendants as set forth in this Agreement and no withholdings or deductions will be made.

    E.    SEVENTEEN THOUSAND and No/100 Dollars ($17,000.00) to Mitchell D. Benjamin for the payment of Plaintiffs' attorneys' fees, costs, and expenses. Defendants will issue to Mitchell D. Benjamin a Form 1099 for this payment.

    F.    Defendants shall deliver the payments so that they are actually received by attorney Mitchell D. Benjamin within five (5) business days of Court's approval of this Agreement.

**3.**    **Tax Liability.** Defendants make no representations as to the tax consequences or liability arising from the Settlement Payment. Plaintiffs acknowledge that they are relying on no representations or warranties by Defendants that the payments made pursuant to this Agreement or any portion thereof are properly excludable from taxable income. Plaintiffs have been advised to seek advice from professional advisors of their choosing regarding tax treatment of this settlement. Plaintiffs acknowledge and agree that Plaintiffs shall be solely responsible for any and all tax liability, penalty, or interest that may be owed by Plaintiffs in connection with the Settlement Payment except for the amount withheld by Defendants pursuant to Plaintiffs' most recent form W-4. Plaintiffs further covenant and agree to indemnify and hold Defendants harmless for any additional sums, including, but not limited to, employer's share of FICA, costs and expenses, including reasonable attorneys' fees, liabilities, interest, and penalties incurred as a result of the tax treatment which Plaintiffs accord to the payments made pursuant to this Agreement or as the result of any of said payments being made without being subjected to withholdings. Defendants have the sole and exclusive right to select counsel to defend each of them if any such claim is asserted by any taxing authority.

**4.**    **Plaintiffs' Release and Waiver of Claims.** Subject to timely receipt of the Settlement Payment, Plaintiffs agree for themselves and all their heirs, executors, administrators, successors and assigns to forever release and discharge the Defendants from any and all claims and all other debts, promises, agreements, demands, causes of action, attorneys' fees, costs, losses and expenses

of every nature whatsoever, known or unknown, suspected or unsuspected, filed or unfiled, arising prior to the Effective Date of this Agreement, pertaining to the issues raised in Plaintiffs' Complaint. This release includes all claims arising under the Fair Labor Standards Act ("FLSA") or under any other federal, state, or local statute, ordinance, regulation, policy (statutory or common-law), or legal or equitable theory related to wage and hour claims. Notwithstanding the foregoing, Charlie does not release hereby his currently pending workers' compensation claim identified as carrier's claim number 300000187831, Georgia State Board of Workers' Compensation Claim Number 2015-022419.

5. **Defendants' Release and Waiver of Claims.** Upon the Court's entry of an Order approving this Agreement, Defendants forever release and discharge Plaintiffs and their agents, attorneys, successors and assigns, heirs, executors, and administrators, from any and all claims and all other debts, promises, agreements, demands, causes of action, attorneys' fees, losses and expenses of every nature whatsoever, known or unknown, suspected or unsuspected, filed or unfiled, arising prior to the Effective Date of this Agreement, pertaining to the issues raised in Plaintiffs' Complaint. This release includes all claims arising under the Fair Labor Standards Act ("FLSA") or under any other federal, state, or local statute, ordinance, regulation, policy (statutory or common-law), or legal or equitable theory related to wage and hour claims. Notwithstanding the foregoing, Defendants do not release hereby any rights, remedies or defenses available to them related to Charlie's pending workers' compensation claim identified as carrier's claim number 300000187831, Georgia State Board of Workers' Compensation Claim Number 2015-022419.

6. **Release Exclusions.** This Agreement and the mutual releases contained herein shall not apply to rights or claims that may arise after the Effective Date of this Agreement; nor shall any provision of this Agreement be interpreted to waive, release, or extinguish any rights that, by express and unequivocal terms of law, may not under any circumstances be waived, released or extinguished. This Agreement does not prevent Plaintiffs from filing a complaint with or cooperating with a government agency in any investigation or proceeding, although should they do so, they agree that they will not receive, and will forego, any recovery that may otherwise be recoverable by or payable to them. This Agreement does not act as a waiver of the parties' rights to enforce this Agreement.

7. **Affirmations.** Plaintiffs represent and affirm as a material term of this Agreement that they have been paid and/or received all leave (paid or unpaid), bonuses, commissions, and/or benefits to which Plaintiffs may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due, except as provided for in this Agreement. Plaintiffs represent and affirm that all issues raised in Plaintiffs' Complaint regarding compensation and wages are being resolved and compromised as provided for in this Agreement.

8. **Adequate Consideration.** The parties acknowledge that the consideration provided by each to each other is adequate and that this Agreement is a legally binding document with which all parties will faithfully comply.

9. **Binding Nature.** This Agreement, and all the terms and provisions contained herein shall bind the heirs, personal representatives, successors and assigns of each party, and inure to the

benefit of each party, its heirs, agents, directors, officers, employees, servants, successors, and assigns.

**10.     Construction.** This Agreement shall not be construed in favor of one party or against the other.

**11.     Partial Invalidity.** Should any portion, word, clause, phrase, sentence or paragraph of this Agreement be declared void or unenforceable, such portion shall be considered independent and severable from the remainder, the validity of which shall remain unaffected.

**12.     Compliance with Terms.** The failure to insist upon compliance with any term, covenant or condition contained in the Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

**13.     Governing Law and Jurisdiction.** This Agreement shall be interpreted under the laws of the State of Georgia, both as to interpretation and performance.

**14.     Section Headings.** The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

**15.     Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument. The parties agree that signed facsimiles and .pdf copies have the same force and effect as originals.

**16.     No Admission.** It is understood and agreed by the parties that this Agreement represents a compromise and settlement for various matters and that the promises, payments, and consideration set forth in this Agreement shall not be construed to be an admission of any liability or obligation by either party to the other party or any other person.

**17.     Effective Date.** This Agreement shall be effective and enforceable upon execution by Plaintiffs.

**18.     Time is of the Essence.** Time is of the essence as to every provision of this Agreement.

**19.     Entire Agreement.** This Agreement and the attachments hereto embody the entire agreement of all the parties hereto who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties to this Agreement related to the subject matter herein. The parties to this Agreement each acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement; that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement, warranty, fact or circumstances, not expressly set forth in this Agreement; and that no representation, inducement, promise, agreement

or warranty not contained in this Agreement, including, but not limited to, any other purported settlements, modifications, waivers or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the parties to this Agreement.

**20.** **Knowledge and Understanding.** The parties each acknowledge and agree that each has had sufficient time to review this Agreement, that each has conferred with counsel regarding this Agreement, and that each has received all information he/it requires from the other in order to knowingly execute this Agreement. The parties acknowledge that each party has participated in the drafting of this Agreement and that each has had equal opportunity to participate in the drafting of this Agreement.

[Signatures to follow on next page.]

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and respective seals, this the day and year below written.

**Plaintiffs**

_____ (SEAL)    Date: 11/21/15
CHARLIE BICKLEY

_____ (SEAL)    Date: 11/23/15
ZACHARY BICKLEY

**Defendants**

J. SCOTT MEMORIALS, LLC

By: _____
Title: member                       Date: 12-2-2015

(COMPANY SEAL)

_____ (SEAL)    Date: 12-2-2015
JEFFERY ELLIS

[Notary seal: CARLENE S. RUSSELL, NOTARY PUBLIC, MY COMM. EXPIRES NOV. 24, 2017, BIBB COUNTY, GEORGIA]

Carlee Russell  11/23/15

6